# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CHARLES BYRLEY | ) | Chapter 7 |
| MARIA BYRLEY, | ) | |
| | ) | Bankruptcy Case: 04 B 18110 |
| Debtors. | ) | |

| | | |
|---|---|---|
| MICHAEL G. BERLAND, TRUSTEE | ) | |
| | ) | Adversary No:   05 A 01635 |
| Plaintiff, | ) | |
| | ) | Judge Bruce W. Black   (Joliet) |
| vs. | ) | |
| | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

In this adversary proceeding most of the facts are not in dispute. The plaintiff is the trustee in Charles and Maria Byrley's chapter 7 case. He seeks to recover damages from the defendant insurance company (State Farm). State Farm was the insurer of the debtors' mobile home which sustained damage on December 29, 2002. State Farm paid the claim on February 28, 2003, by issuing a check for $12,169 payable to the debtors and a contractor. The trustee does not allege that the amount of the payment was insufficient. Instead, he alleges that State Farm is liable to the debtors, and thus to the trustee, because the company instructed the debtors to endorse the check to the contractor before the work was begun and subsequently the contractor absconded without doing the work.

1

The trustee's precise cause of action is difficult to determine. The complaint states that it is for "Turnover of Property," but it is not the usual turnover proceeding whereby the trustee seeks to compel someone to turnover a physical item that the trustee thinks he is entitled to. Here the trustee is in fact asking that State Farm be ordered to pay this claim a second time. If the defendant is to be ordered to pay a second time, it could only be because it improperly paid the first time. A cause of action alleging improper payment could sound in contract or tort, but neither is spelled out in this complaint.

Rather than attacking the complaint directly, State Farm has moved for summary judgment, raising three primary arguments: (1) a one year policy limitation against suits against the company; (2) performance; and (3) lack of proof of agency between the company and the contractor.

The plaintiff responds that: (1) the loss for which he seeks recovery did not occur until it became apparent that the contractor had absconded; (2) there are genuine issues of material fact regarding how the contractor was selected and paid; and (3) the facts support his claim of apparent authority.

## DISCUSSION

State Farm first argues that it is entitled to summary judgment because the plaintiff failed to file the suit within one year, citing policy language which says, "The action must be started within one year after the date of the loss or damage." Significantly, the policy does not define the term "date of the loss or damage," although it does define the term "occurrence" as "an accident ... which results in ... property damage." (See page 11 of the policy, Exhibit C to State Farm's Statement of Facts.)

2

If State Farm had refused to pay the claim in the first instance, it would be clear that the "date of the loss or damage" and the date of the "occurrence" were the same–December 29, 2002. But State Farm did pay. And the plaintiff claims a loss not for State Farm's refusal to pay, but rather because of how the company allegedly paid. On this record I can not conclude as a matter of law that there is no merit to the plaintiff's argument that the loss occurred when the contractor's misconduct became clear. Consequently, I can not conclude as a matter of law that this suit had to be filed within one year of December 29, 2002.

State Farm's remaining arguments are both based on its version of the facts. The company argues that it has performed all of its duties and obligations under the policy. Such an argument ignores the potential significance of the trustee's assertion that the defendant instructed the debtors to endorse the check to a contractor of the defendant's choosing before the work was performed. Although State Farm may be correct that it owed no duty to its insured to tell them how to pay the contractor, the trustee's allegation is that the company did in fact improperly tell the debtors how to pay. When one voluntarily assumes an undertaking, he may be liable for negligent performance even though he was not obligated to act. *Bourgonje v. Machev*, 2005 WL 3291044 (Ill.App. 1 Dist., 2005)

Similarly, State Farm's argument that the plaintiff can not prove agency ignores the potential significance of the affidavit of one of the debtors furnished by the trustee. In her affidavit Maria Byrley states "... the claims agent of State Farm specifically instructed me to endorse the check and make payment prior to the repairs being made." (See paragraph 11 of affidavit attached to the plaintiff's response to the motion for summary judgment.) Even though this statement is contradicted by statements in a affidavit furnished in support of the motion, the

statement is sufficient to raise a genuine issue of material fact which may not be resolved by summary judgment.

ACCORDINGLY, the motion for summary judgment is DENIED.

ENTERED:

*/s/ Bruce W. Black*
Bruce W. Black
Bankruptcy Judge

Date: 2-3-06